**Agis G. ECONOMY on behalf of Ecaterini N. Economopoulou**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare.**

Civ. A. No. 67–12–SA.

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 28, 1967.

Earle Cobb, Jr., San Antonio, Tex., for plaintiff.

Ernest Morgan, U. S. Atty., San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

GUINN, Judge.

This civil action was commenced by the plaintiff under the provisions of the Social Security Act [42 U.S.C. § 405(g)] to obtain a judicial review of an adverse administrative decision made by the Secretary of the Department of Health, Education and Welfare. The case is ripe for decision on cross-motions for summary judgment.

The essential facts are not in dispute and may be briefly stated. On June 1, 1956, Agis G. Economy, a single man, filed his application for old-age benefits under the Act. His application was approved and old-age benefits have been paid to Mr. Economy continuously since the approximate date of his application.[1]

In July of 1964, Mr. Economy's brother died at his place of residence in Greece. The brother was survived by a wife and a minor daughter who had been born on October 29, 1959. After the death of his brother, Mr. Economy instituted proceedings to adopt his niece through an attorney at Sparta, Greece, and on June 10, 1965, a court at Sparta entered its final decree of adoption.

On October 6, 1965, Mr. Economy filed an application in behalf of his adopted child for child's insurance benefits under the Act.

Section 202(d) (1) of the Act, 42 U.S.C. § 402(d) (1), establishing the basic eligibility requirements for child's benefits, provides in part as follows:

"(d) (1) Every child (as defined in section 216(e)) of an individual entitled to old-age or disability insurance benefits, * * * if such child—

(A) has filed application for child's insurance benefits,
\* \* \* \* \* \*

(C) was dependent upon such individual—

(i) \* \* \* at the time such application was filed,
\* \* \* \* \* \*

(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,

shall be entitled to a child's insurance benefit for each month \* \* \*."

Section 202(d) (10) of the Act, 42 U.S.C. § 402(d) (10), provides:

"If an individual entitled to old-age insurance benefits (but not an individual included under paragraph (9)) adopts a child after such individual become entitled to such benefits, such child shall be deemed not to meet the requirements of clause (i) of paragraph (1) (C) unless such child—

(A) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or

(B) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual became entitled to old-age insurance benefits, but only if—

(i) such child had been receiving at least one-half of his support from such individual for the year before such individual filed his application for old-age insurance benefits or, if such individual had a period of disability which continued until he had become entitled to old-age insurance benefits, for the year before such period of disability began, and

(ii) either proceedings for such adoption of the child had been instituted by such individual in or before the month in which the indi-

---

1. Mr. Economy also applied for a period of disability which was granted. Later, however, the application was withdrawn and has no bearing on the issues now before the Court.

vidual filed his application for old-age insurance benefits or such adopted child was living with such individual in such month."

This latter provision was added to Section 202(d) by section 323(a) of Public Law 89–97, 79 St. at 286, enacted July 30, 1965.

Both parties agree that the adopted child involved in this case is not entitled to benefits under the Act if the section just quoted, as amended, is applicable. Relying on the express language of the section, the defendant asserts that under 402(d) (10) (B) (i), it is necessary for plaintiff to show that the child had been receiving at least one-half of his support from plaintiff for one year before his application for old-age benefits was filed. Applying that rule to the facts, the defendant argues that it is not possible for plaintiff to satisfy this requirement because the child was not born until October 29, 1959, more than three years after plaintiff began receiving old-age benefits.

It is the plaintiff's position that the new amendments do not apply to the facts in this case because of an exception contained in section 323(b) of the enacting legislation [Public Law 89–97]. That section provides that:

"(b) The amendments made by subsection (a) of this section shall be applicable to persons who file applications, or on whose behalf applications are filed, for benefits under section 202(d) [42 U.S.C. § 402 (d)] of the Social Security Act on or after the date this section is enacted. *The time limit provided by section 202(d) (10) (B) [402(d) (10) (B)] of such Act as amended by this section for legally adopting a child shall not apply in the case of any child who is adopted before the end of the 12-month period following the month in which this section is enacted."* (Emphasis supplied.)

Senate Report No. 404 is of invaluable assistance to the Court in discerning the intent of Congress in making this exception. (1 U.S.Cong. & Admin.News '65, p. 1943.) That report points out that under the law in effect prior to the amendments, a retired worker could qualify an adopted child for insurance benefits even though the child was not receiving support from the worker at the time of his retirement. To remedy this situation, Section 402(d) of the Act was amended to require: (1) that the adoption be completed within two years after the retired worker became entitled to benefits; (2) the child be receiving at least one-half of his support from the retired worker for one year prior to the time the worker became entitled to benefits; and (3) that the child be living with the worker when he became eligible for benefits or the adoption proceedings had been begun.

The Senate report explains that the exception provided in Section 323(b) applies to only the first of the three new requirements:

"The requirement that adoption be completed within 2 years after the worker became entitled to benefits is not to apply in any case where a child is adopted within 1 year after the month in which the bill is enacted." (1 U.S.Cong. & Admin.News '65, p. 2193.)

The Court is, therefore, persuaded that the 1965 amendments apply to the facts in this case and that under those provisions the child is not entitled to any insurance benefits because of her failure to satisfy requirements (2) and (3) of the new amendments.

The decision of the Secretary of the Department of Health, Education and Welfare is, therefore, affirmed. The plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted.